IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


CHRISTIAN D CASTANEDA,

    Plaintiff,

v.                                                                                No. 22-cv-591-WJ-GBW

DEBRA DOLL,

    Defendant.


**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court on Plaintiff Christian D Castaneda's *pro se* Complaint for Violation of Civil Rights. (Doc. 1) (the "Complaint"). Also before the Court is Defendant Debra Doll's Motion to Dismiss for Failure to State a Claim. (Doc. 6) (the "Motion"). Plaintiff is incarcerated in the Grant County Detention Center. He is proceeding in forma pauperis. (Doc. 4). Defendant is a Deputy District Attorney in New Mexico's Sixth Judicial District. (Doc. 6 at 1). Plaintiff's claims, brought under 42 U.S.C. § 1983, arise from alleged violations of his constitutional rights in criminal proceedings against him in which Defendant was the prosecutor. Having reviewed the Complaint, the Motion, the docket and the relevant law, the Court concludes (1) the Complaint should be dismissed for failure to pay the filing fee and comply with the Court's orders, and (2) the Motion is well taken and should be granted.

I.      Background.

The following facts are taken from the allegations in the Complaint. Plaintiff alleges that in July of 2022 he sent an email to Defendant advising her that his continued detention on a "No Bond" bench warrant on certain (unspecified) cases violated his constitutional rights, but she

allegedly denied his request for release. (Doc. 1 at 4). He followed up with a second, more specific email a few days later, and in her reply, Defendant allegedly told Plaintiff that he was a flight risk, made several false statements about his character, and stated that he was not being held on any of the cases he had identified. (Id.). When Plaintiff responded by asking for her to send an order of release, Defendant allegedly replied that she would not respond further until Plaintiff's next court hearing. (Id.). It appears that Plaintiff allegedly asked Defendant what charges were pending, and she allegedly she responded simply that she had jurisdiction over the subject matter of all his cases. (Id.). Plaintiff alleges that Defendant has broken the rules governing New Mexico Criminal Procedure, that she does not care about his rights, and that she is biased against him personally. (Id.). Plaintiff alleges further that he was the defendant in a criminal trial which ended in a mistrial, a circumstance for which he has requested compensation (from whom it is not clear), which request has been denied. (Id.). He alleges, apparently in relation to the trial, though it is not clear, that he was deprived an opportunity to speak in court and that his unspecified notices are not getting filed. (Doc. 1 at 6).

Based on the foregoing, Plaintiff claims that Defendant, acting in her personal and official capacities, violated his rights guaranteed by the First, Fifth, Sixth, and Eighth Amendments to the United States Constitution. (Doc. 1 at 3). He also appears to seek to state a claim for false imprisonment. (Id. at 6). He seeks actual damages (2 pounds of gold or the equivalent dollar amount) and punitive damages (4 pounds of gold or its equivalent). (Id. at 7).

When he filed the Complaint, Plaintiff submitted an Application to Proceed *In Forma Pauperis*. (Doc. 2) (the "IFP Motion"). The Court granted the IFP Motion in an order entered November 8, 2022. (Doc. 4) (the "IFP Order"). Pursuant to the IFP Order, Plaintiff was required to submit an initial partial payment of $73.13 by December 8, 2022. (Id.). Plaintiff did not comply,

and he has not yet paid any portion of the reduced filing fee. Plaintiff was advised that if he failed timely make the initial partial payment, his complaint might be dismissed without further notice. (Id. at 2).

In the Motion, filed December 12, 2022, Defendant, a Deputy District Attorney in the Sixth Judicial District of New Mexico, seeks to dismiss the Complaint based on absolute prosecutorial immunity and, in the alternative, based on sovereign immunity. (Doc. 6). Plaintiff did not file a response to the Motion, and the deadline within which he was permitted to do so has now passed.

II.     Analysis.

A.  Plaintiff's Failure to Make the Initial Partial Payment is Grounds for Dismissal.

As the Court stated in its IFP Order, the Court typically will not address the merits of a plaintiff's claims unless the initial partial payment is paid or excused. (Doc. 4 at 2). Failure to make the initial partial payment and to comply with Court orders is grounds for dismissal under Federal Rule of Civil Procedure 41(b). *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). Plaintiff's *pro se* status does not excuse him from his obligation to abide by Court orders and procedural rules. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (observing that pro se plaintiffs must "follow the same rules of procedure that govern other litigants" (internal quotation marks omitted)). As the deadline set in the IFP Order has long passed, this case could be dismissed without prejudice on this ground alone. Here, however, Defendant has entered an appearance and invested resources in seeking dismissal of the Complaint on substantive grounds. In the interests of justice and economy, therefore, the Court will consider the merits of the Complaint notwithstanding Plaintiff's failure to pay the filing fee.

B.     The Motion to Dismiss Supports Dismissing the Compliant with Prejudice.

1.     Standard of Review.

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558.

Because he is *pro se*, the Court construes Plaintiff's pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's construction of *pro se* pleadings). This means that "if the court can reasonably read the pleadings to state valid claim on which [he] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Id.* It does not mean, however, that the court should "assume the role of advocate for the pro se litigant." *Id.*

2. The Complaint Does Not State a Plausible Claim.

Plaintiff seeks to state claims under 42 U.S.C. § 1983, which provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. § 1983 allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. Not all entities or state officials are subject to liability under § 1983. Prosecutors are immune from civil suits for damages under § 1983 in the performance of their prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). And

4

"Eleventh Amendment sovereign immunity bars suits for money damages against "states, state agencies, and state officers in their official capacities." *Chilcoat v. San Juan County*, 41 F.4th 1196, 1208-09 (10th Cir. 2022).

    a. <u>Defendant Cannot be Sued in Her Official Capacity</u>.

Plaintiff's claim against Defendant in her official capacity is, in effect, a claim against the Sixth Judicial District Attorney's office. *See Glaser v. City & Cnty. of Denver, Colo.*, 557 F. App'x 689, 706 (10th Cir. 2014) (An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Absent a waiver of sovereign immunity, and none is shown here, Plaintiff's official-capacity claims are barred by the Eleventh Amendment. *Id.*; *see Macias v. Griffin*, 612 F. App'x 532, 534 (10th Cir. 2015) ("Dismissal of the claims against the district attorney's office was . . . appropriate because it is a state office that is both protected by the Eleventh Amendment and not subject to suit under § 1983."); *Jackson v. New Mexico Pub. Def.'s Off.*, 361 F. App'x 958, 962 (10th Cir. 2010) ("[T]he office of the district attorney . . . is protected from suit by the Eleventh Amendment."); *Vacek v. Court of Appeals, Santa Fe, N.M.*, 325 Fed.Appx. 647, 649 (10th Cir.2009) ("[T]he New Mexico courts and agencies [including the Second Judicial District Attorney's Office] . . . are not entities against which . . . § 1983 . . . claims may be lodged given Eleventh Amendment immunity."). This claim will be dismissed accordingly.

    b. <u>Plaintiff's Official Capacity Claims are Barred by Prosecutorial Immunity</u>.

To determine whether a prosecutor is entitled to absolute prosecutorial immunity, the Tenth circuit prescribes a "functional approach," examining "the role the prosecutor is performing at the time of the challenged conduct" and "the nature of the function performed" rather than "the identity of the actor who performed it." *Chilcoat*, 41 F.4th at 1213 (internal quotation marks and citations omitted). Prosecutorial functions are "those actions that cast [the attorney] in the role of an

advocate initiating and presenting the government's case." *Mink v. Suthers*, 482 F.3d 1244, 1261 (10th Cir. 2007). Examples include preparing and filing a criminal information or a motion for an arrest warrant, *id.*, deciding to prosecute, investigating or evidence-gathering, evaluating evidence, determining whether probable cause exists, and determining what information to show to the court. *Chilcoat*, 41 F.4th at 1209. Immunity also extends to any "activities intimately associated with the judicial process" including "disparaging remark[s] about a criminal defendant in a court proceeding and continued prosecution of a case that a defendant alleges should have been dismissed. *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010).

The alleged conduct forming the basis of the claims against Defendant was undertaken variously in the performance of Defendant's advocacy function or closely related to the judicial process. None of the alleged conduct was extraneous to Defendant's role as an advocate for the state. Plaintiff's personal capacity claims against Defendant are therefore barred by her prosecutorial immunity. The Motion will therefore be granted.

    III.    <u>The Complaint Will Be Dismissed with Prejudice.</u>

Generally, *pro se* plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless the amendment would be futile. *Hall*, 935 F.2d at 1109. Here, Plaintiff's claims are barred as a matter of law and an amendment would be futile. The Complaint will therefore be dismissed with prejudice.

    **IT IS ORDERED**:

    (1)    Debra Doll's Motion to Dismiss for Failure to State a Claim. **(Doc. 6)** is **GRANTED**.

    (2)    The Complaint **(Doc. 1)** is **DISMISSED** with prejudice.

(3)    The Court will enter a separate judgment closing this civil case.

*[signature]*
_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE